

Villanova University School of Law
Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2005

# Pro Spice Inc v. Omni Trade Grp Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Pro Spice Inc v. Omni Trade Grp Inc" (2005). *2005 Decisions.* Paper 1586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-4556 / 04-1450 / 04-1609

———————

PRO SPICE, INC.,

Appellants (03-4556 and 04-1450)

v.

OMNI TRADE GROUP, INC.;
SHANK'S EXTRACTS, INC.;
YORK IMPORT & EXPORT, INC.;
ANDYAN RAHARDJA,

Appellants (04-1609)

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-01661)
District Judge: Honorable Ronald L. Buckwalter

———————

Argued December 6, 2004

Before: AMBRO, and VAN ANTWERPEN, Circuit Judges
SHADUR*, District Judge

(Opinion filed:  January 4, 2005)

———————

        *Honorable Milton I. Shadur, United States District Judge for the Northern District
of Illinois, sitting by designation.

Jonathan L. Swichar, Esquire
Duane Morris
1650 Market Street
One Liberty Place, 37th Floor
Philadelphia, PA 19103-7396

Steven M. Richman, Esquire (Argued)
Duane Morris
100 College Road West, Suite 100
Princeton, NJ 08540

      Attorneys for Appellant/
      Cross Appellee

Eric A. Savage, Esquire (Argued)
Gary S. Prish, Esquire
Littler Mendelson
One Gateway Center
Third Floor
Newark, NJ 07102

      Attorneys for Appellee/
      Cross Appellant

---

OPINION

---

AMBRO, Circuit Judge

Because we write solely for the benefit of the parties, we do not recount the voluminous facts giving rise to this appeal. We note merely that the underlying dispute involves an alleged agreement for the sale of vanilla beans to Pro Spice, Inc. ("Pro Spice") by Omni Trade Group, Inc. ("Omni"). On appeal, Pro Spice argues that the District Court erred i) by concluding that no enforceable contract existed and ii) by

2

entering judgment against Pro Spice on its related fraud claim. A third issue lies in both parties' challenge of the District Court's award of discovery sanctions against Omni. For the reasons set forth below, we reject the parties' arguments and affirm all appealed orders of the District Court.

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332. We review its final orders pursuant to 28 U.S.C. § 1291.

## I. Breach of Contract Claim.

The District Court rejected the breach of contract claim of Pro Spice because it failed to demonstrate that an enforceable contract existed. We assess this conclusion under a mixed standard of review.

> The district court's factual findings, especially with respect to the parties' intentions, will not be reversed unless the record demonstrates that they are clearly erroneous. Similarly, the interpretation of contractual language to discern contractual intent is a factual question, which we will accordingly review under a clearly erroneous standard. Conclusions drawn with respect to the legal effect of any agreement, however, are questions of law and therefore subject to plenary review.

ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659, 665 (3d Cir. 1998) (citations omitted). The relevant portions of the District Court's opinion assess the parties' contractual intent, including an interpretation of the documentary evidence in order to discern that intent and an evaluation of witness testimony. For this reason, the pertinent aspects of the District Court's opinion are entitled to the deference accorded a fact finder, reversible only if clearly erroneous.

3

Under this deferential standard, we find no reason to disturb the District Court's conclusion that the critical December 3, 1999 letter from Omni was not an offer, but merely "a quotation of prices for beans based upon availability." Pro Spice, Inc. v. Omni Trade Group, Inc., 2003 WL 22477862, *4 (E.D. Pa. Oct 31, 2003). The District Court properly based this conclusion on its assessment of the parties' intent after a detailed review of the evidence and testimony presented. Though it vigorously disputes the conclusion reached, Pro Spice fails to offer a compelling argument that the conclusion was clearly erroneous, and we discern no such error upon our own review.

Even assuming that the December 3 letter *was* an offer susceptible to a binding acceptance, Omni's subsequent December 6, 1999 letter revoked that offer by replacing it with a new offer. At oral argument, counsel for Pro Spice argued that Omni's December 6 letter had no legal effect on its December 3 "offer" because it did not alter any of the material terms of the proposed bargain. This argument underwhelms, as the December 6 letter presented new terms of delivery and, most notably, a higher price for the vanilla beans listed. Thus, even if Omni's December 3 letter was an offer, it was revoked before it was accepted, and no contract existed between the parties.

Lastly, we note that Pro Spice's reliance on 13 Pa. C.S.A. § 2201(b) is both misplaced and misleading. Part of Pennsylvania's codification of the Uniform Commercial Code, that provision provides an exception to the statute of frauds' writing requirement for agreements between merchants when the merchant alleging breach has

4

provided a written confirmation *of a prior agreement* to its counterpart, and the other

merchant in turn fails to object to the written confirmation in a timely fashion. This

exception to the statute of frauds does not halt the complaining party's duty to show that

an agreement was formed—that is, that there was a "meeting of the minds." It simply

enables the party alleging breach of an existing contract to overcome the statute of frauds'

writing requirement. Pro Spice's contention that under this provision "a contract *will be*

*deemed to exist* unless the merchant provides a written objection," Appellant Br. at 28

(emphasis added), presupposes a conclusion (a contract) that is instead a precondition to

applying § 2201(b).[1] Accord U.C.C. § 2-201 cmt. 3 (1995) (explaining that "[t]he only

effect [of § 2-202] . . . is to take away from the party who fails to answer [the

confirmation] the defense of the Statute of Frauds; *the burden of persuading . . . that a*

*contract was in fact made orally prior to the written confirmation is unaffected*")

(emphasis added).

Because no contract existed, Pro Spice's breach claim must fail.

## II. Fraud Claim.

Accepting the District Court's factual findings dooms Pro Spice's fraud claim as

well. Most significantly, the District Court concluded that Pro Spice, through its agent

---

[1] To construe the statute as Pro Spice proposes produces absurd results. If the statute provided a basis for the *formation* of a contract, a merchant could, for example, simply send written "confirmations" of highly advantageous agreements to other merchants and sue those failing to object timely to the "confirmations" for enforcement of the contracts "deemed to exist" under the statute.

Pallone, "knew well that there was not mutual meeting of the minds." <u>Pro Spice</u>, 2003 WL at *5. Because Pro Spice knew there was no contract, by definition it cannot establish that it was fraudulently induced to agree. Moreover, the District Court found that Omni's representations about beans for sale were all "based on availability," undermining Pro Spice's contention that actionable misrepresentations were made. <u>Id.</u> Lastly, the District Court's finding that Omni lacked intent to extend an offer undermines Pro Spice's argument that Omni acted in bad faith or with an intent to defraud. As we know of no reason to disturb those findings, they stand, leaving Pro Spice's claim of fraud bereft of support.

### III. Propriety of Sanctions.

Both parties argue that the District Court abused its discretion in imposing $1,500 in sanctions against Omni for its discovery abuses. Pro Spice argues that the District Court should have imposed a greater sanction award, while Omni argues that no award of sanctions was legally authorized. We quickly dispense with these cross-claims.

Both parties argue, *inter alia*, that the District Court awarded sanctions under Federal Rule of Civil Procedure 37(b)(2), which provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just." The Rule further provides that "the court *shall* require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the

6

failure, unless the court finds that . . . award of expenses unjust." Id. (emphasis added).

After describing a "history of [Omni's] not responding timely [to discovery requests] requiring court intervention," the District Court concluded that this lack of diligence was "precisely what happened again in the motion [for sanctions] before the court." Pro Spice, Inc. v. Omni Trade Group, Inc., 2003 WL 23018786, *2 (E.D. Pa., Dec 16, 2003). After subsequently reviewing evidence submitted by the parties, the District Court concluded that $1,500 represented the reasonable expenses caused by Omni's (in)action. Pro Spice, Inc. v. Omni Trade Group, Inc., 2004 WL 286869, *1 (E.D. Pa., Feb 11, 2004). It appears that the Court determined that Omni's discovery abuses ran afoul of Rule 37(b)(2), a sanction was required, but the minimum was assessed. This falls well within the expansive discretion accorded the Court by Rule 37.

## IV. Conclusion.

For the reasons described above, we reject all of the arguments presented in Pro Spice's appeal and Omni's cross-appeal and affirm the judgments of the District Court.